# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:11-CR-00213- |
| § | SDJ-AGD |
| ESTEBAN RIVERA-PINA § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Esteban Rivera-Pina's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on February 2, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Michael John Pannitto of the Federal Public Defender's Office. The Government was represented by Glenn Jackson.

Defendant was sentenced on July 10, 2012, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of 8 U.S.C. § 1326(a) and (b), Reentry of a Deported Alien, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 22 and a criminal history category of V, was 77 to 96 months. Defendant was subsequently sentenced to 96 months imprisonment followed by a three-year term of supervised release, subject to the standard conditions of release, plus special conditions to include deportation, financial disclosure, drug testing and treatment, and a $100 special assessment. On October 5, 2018, Defendant completed his period of imprisonment and was deported to Mexico. On August 18, 2021, this case was reassigned to The Honorable Sean D. Jordan, U.S. District Judge for the Eastern District of Texas.

On August 19, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #44, Sealed). The Petition asserts that Defendant violated five conditions of supervision, as follows: (1) and (2) (mandatory) Defendant shall not commit another federal, state, or local crime; (3) (standard) Defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) (standard) Defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer; and (5) (special) as a condition of supervised release, immediately upon release from confinement, Defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. If ordered to be deported, Defendant shall remain outside of the United States. In the event Defendant is not deported, or for any reason re-enter the country after having been deported, Defendant shall comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or re-entry into the country (Dkt. #44 at 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On August 7, 2021, Defendant was contacted by Denton Police Department near 5301 East McKinney Street, Denton, Texas, regarding a domestic disturbance. Defendant was deported in October 2018. As evidenced by his contact with Denton Police Department on August 7, 2021, Defendant illegally reentered the United States in violation of 8 U.S.C. § 1326. The case has been referred to U.S. Immigration and Customs Enforcement who is issuing a warrant for potential prosecution; (2) On or about August 18, 2021, Defendant was arrested by the Denton, Texas, Police Department for Driving

While Intoxicated 2nd, a Class A Misdemeanor in violation of Texas Penal Code § 49.04. As of August 19, 2021, this charge was still pending; (3) Defendant failed to notify the U.S. Probation Office of contact with the Denton Police Department on August 7, 2021; and (4) Defendant failed to remain outside the United States as evidenced by his contact with the Denton Police Department on August 7, 2021, and his arrest for Driving While Intoxicated 2nd in Denton, Texas, on or about August 18, 2021. Additionally, Defendant failed to report to the U.S. Probation Office within 72 hours upon reentering the United States and arriving in the Eastern District of Texas (Dkt. #44 at 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegation (1) of the Petition. Having considered the Petition and the plea of true to allegation (1), the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of eighteen (18) months to be served concurrently with his sentence in 4:22-CR-36 that was entered in this court on January 16, 2024, with no term of supervised release to follow.

The court also recommends that Defendant be housed in the Bureau of Prisons facility in Yazoo City, Mississippi if appropriate.

**IT IS SO ORDERED.**

**SIGNED this 2nd day of February, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE